**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
Michael W. Pott, SBN 186156
Derek J. Haynes, SBN 264621
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF SACRAMENTO and DON MEYERS

**MORENO & RIVERA, LLP**
Jesse M. Rivera, SBN 84259
Kelly Yokley, SBN 192015
1451 River Park, Dr. Suite 145
Sacramento, CA 95815
Telephone: (916) 922-1200
Facsimile: (916) 922-1301

Attorneys for Defendants MABINS, NUNEZ, VO, YOUNG, OCAMPO, LESCALLET, DORSEY and EARP

Mark E. Merin, SBN 43849
LAW OFFICE OF MARK E. MERIN
2001 P Street, Suite 100
Sacramento, CA 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Dan Siegel, SBN 56400
Jose Luis Fuentes, SBN 192236
Michael Siegel, SBN 269439
SIEGEL & YEE
499 14th Street, Suite 220
Oakland, CA 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiffs B.P., a minor, by his Guardian Ad Litem, Quincella Page, et al.
///

///

///

///

{00901328.DOC}                                  1
**STIPULATION AND PROTECTIVE ORDER REGARDING DOCUMENTS, THINGS AND INFORMATION TO BE PRODUCED FOR INSPECTION, COPYING AND USE IN THIS LITIGATION**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.P., a minor, by and through his Guardian Ad Litem, Quincella Page; BRANDON FLORES; T.J., a minor, by and through her Guardian Ad Litem, Michelle Belton; BRANDON POWELL; JONATHAN WHISENANT; and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE COUNTY OF SACRAMENTO; DON MEYERS, Chief Probation Officer of Sacramento County, in his official and individual capacities; PROBATION OFFICER SUPERVISOR RODNEY DORSEY, in his official and individual capacities; PROBATION OFFICER EARP, in his official and individual capacities; PROBATION OFFICER MABINS, in his official and individual capacities; PROBATION OFFICER NUNEZ, in his official and individual capacities; PROBATION OFFICER SAHOTA, in his official and individual capacities; PROBATION OFFICER VO, in his official and individual capacities; DEPUTY PROBATION OFFICER ANDREW YOUNG, in his official and individual capacities; PROBATION ASSISSTANT GARY BERTUCCELLI, in his official and individual capacities; PROBATION ASSISSTANT JOSE CERVANTES, in his official and individual capacities; PROBATION ASSISTANT MARCOS DIAZ, in his official and individual capacities; PROBATION ASSISTANT TOMASA KIZER, in his official and individual capacities; PROBATION ASSISTANT | CASE NO.   2:09-CV-02825-MCE-DAD<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING DOCUMENTS, THINGS AND INFORMATION TO BE PRODUCED FOR INSPECTION, COPYING AND USE IN THIS LITIGATION**<br><br>**FPTC Date: August 8, 2013**<br>**Trial Date: October 7, 2013**<br><br>**FAC Filed: February 2, 2010**<br>**Complaint Filed: October 9, 2009\*\*\*\*\*\*** |

AIMEE LESCALLET, in his official and
individual capacities; PROBATION
ASSISTANT MICHAEL OCAMPO, in his
official and individual capacities,

    Defendants.

_____/

Defendants COUNTY OF SACRAMENTO, DON MEYERS, MABINS, NUNEZ, VO, YOUNG, OCAMPO, LESCALLET, DORSEY and EARP and Plaintiffs B.P., BRANDON FLORES, T.J., BRANDON POWELL and JONATHAN WHISENANT, in good faith, believe that the following documents contain information that is (a) confidential, sensitive, or potentially invasive of privacy interests; (b) not generally known; and, (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence:

    1.    Juvenile Records of B.P., including, but not limited to, medical and mental health records, juvenile court records, grievances filed by him or on his behalf while he was in the care and custody of the Sacramento County Probation Department, any and all "Chrono Records" created or maintained by the Sacramento County Probation Department that pertain to him, any and all Incident Reports, use of force reports, Reports of Physical Force, Internal Affair Records, After Incident Review Supervisor Reports that pertain to him while he was in the care and custody of Sacramento County, and any and all Report Logs, including safety room logs, created or maintained by the Sacramento County Probation Department that pertain to him.

    2.    Juvenile Records of BRANDON FLORES, including, but not limited to, medical and mental health records, juvenile court records, grievances filed by him or on his behalf while he was in the care and custody of the Sacramento County Probation Department, any and all "Chrono

Records" created or maintained by the Sacramento County Probation Department that pertain to him, any and all Incident Reports, use of force reports, Reports of Physical Force, Internal Affair Records, After Incident Review Supervisor Reports that pertain to him while he was in the care and custody of Sacramento County, and any and all Report Logs, including safety room logs, created or maintained by the Sacramento County Probation Department that pertain to him.

       3.       Juvenile Records of BRANDON POWELL, including, but not limited to, medical and mental health records, juvenile court records, grievances filed by him or on his behalf while he was in the care and custody of the Sacramento County Probation Department, any and all "Chrono Records" created or maintained by the Sacramento County Probation Department that pertain to him, any and all Incident Reports, use of force reports, Reports of Physical Force, Internal Affair Records, After Incident Review Supervisor Reports that pertain to him while he was in the care and custody of Sacramento County, and any and all Report Logs, including safety room logs, created or maintained by the Sacramento County Probation Department that pertain to him.

       4.       Juvenile Records of JONATHAN WHISENANT, including, but not limited to, medical and mental health records, juvenile court records, grievances filed by him or on his behalf while he was in the care and custody of the Sacramento County Probation Department, any and all "Chrono Records" created or maintained by the Sacramento County Probation Department that pertain to him, any and all Incident Reports, use of force reports, Reports of Physical Force, Internal Affair Records, After Incident Review Supervisor Reports that pertain to him while he was in the care and custody of Sacramento County, and any and all Report Logs, including safety room logs, created or maintained by the Sacramento County Probation Department that pertain to him.

5. Juvenile Records of T.J., including, but not limited to, medical and mental health records, juvenile court records, grievances filed by her or on her behalf while she was in the care and custody of the Sacramento County Probation Department, any and all "Chrono Records" created or maintained by the Sacramento County Probation Department that pertain to her, any and all Incident Reports, use of force reports, Reports of Physical Force, Internal Affair Records, After Incident Review Supervisor Reports that pertain to her while she was in the care and custody of Sacramento County, and any and all Report Logs, including safety room logs, created or maintained by the Sacramento County Probation Department that pertain to her.

6. Juvenile Records of Putative Class Members, who submit a signed consent form for disclosure from either (1) the person who was the subject of a Juvenile Court petition, but is now eighteen (18) years of age or older; or (2) from the parent or legal guardian of a person who is or was the subject of a Juvenile Court petition, whether that person is currently under or over the age of eighteen, including, but not limited to, medical and mental health records, juvenile court records, grievances filed by her or on her behalf while she was in the care and custody of the Sacramento County Probation Department, any and all "Chrono Records" created or maintained by the Sacramento County Probation Department that pertain to her, any and all Incident Reports, use of force reports, Reports of Physical Force, Internal Affair Records, After Incident Review Supervisor Reports that pertain to her while she was in the care and custody of Sacramento County, and any and all Report Logs, including safety room logs, created or maintained by the Sacramento County Probation Department that pertain to her.

IT IS HEREBY STIPULATED by, among and between the parties through their counsels of record that the documents described herein may be designated as "Confidential" by the COUNTY and produced subject to the following Protective Order:

1. The disclosed documents shall be used solely in connection with the above-captioned civil matter and proceedings. The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial. Any documents submitted in any related litigation that were under seal remain under seal in this action.

2. A party producing the documents and materials described herein may designate those materials as confidential by affixing a mark labeling them "Confidential," provided that such marking does not obscure or obliterate the content of any record. If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is marked "Confidential" in a manner agree upon by the disclosing and requesting parties.

3. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

(a) Mark E. Merin, Dan Siegel, Jose Luis Fuentes, and associate attorneys in the offices of each, as counsel for Plaintiffs in the above-captioned matter;

(b) Terry Cassidy, Michael Pott, Derek Haynes, and associate attorneys in the offices of each, as counsel for Defendants COUNTY OF SACRAMENTO and DON MEYERS in the above-captioned matter;

(c) Jesse Rivera, and associate attorneys in his office, as counsel for Defendants MABINS, NUNEZ, VO, YOUNG, OCAMPO, LESCALLET, DORSEY and EARP;

(d) Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subparts (a)-(c), including stenographic deposition reporters or videographers retained in connection with this action;

(e)     Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

(f)     Any expert, consultant or investigator retained in connection with this action;

(g)     The finder of fact at the time of trial, subject to the court's ruling on *in limine* motions and objections of counsel; and,

(h)     Witnesses during their depositions in this action.

4.     Prior to the disclosure of any "Confidential" information to any person identified in paragraph 3 and its subparts, each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read.  Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms.  Such person also must consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation any proceeding for contempt. Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.

5.     All documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, and all papers or documents containing information or materials designated as "Confidential" that are to be filed with the Court for any purpose shall be accompanied by a request to seal the documents as provided under Local Rule 141(b).

6.     The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

7. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify the information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

8. The following procedures shall be utilized by the parties in production of documents and materials designated as "Confidential":

(a) Defendants shall produce documents and material marked "Confidential" to Plaintiffs.

(b) Plaintiffs shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the confidential documents to any source, except those persons identified in Paragraph 3 herein, without further order of the Court.

(c) If any document or information designated as confidential pursuant to this Stipulated Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protective Order. The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with paragraph 5 of this Stipulated

Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

9. Notwithstanding the provisions of Paragraph 3, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

10. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the parties through their counsels of record of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

11. After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced containing confidential information will remain confidential, and if filed with the Court shall remain under seal.

12. At the conclusion of this action, including all appeals, all Confidential Material shall be returned promptly to the Producing Party or destroyed, except that counsel for the Parties need not destroy or return any Confidential Material that became a part of the Court record in this action (by use as a trial exhibit, inclusion in a Court filing, inclusion in the record of any appeal, or otherwise) unless such materials were filed and/or submitted under seal. If Confidential Material is destroyed pursuant to this paragraph, the Party destroying the Confidential Material shall certify in writing to the Producing Party that such destruction has taken place upon request.

13. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good cause shown or by the stipulation of the parties.

14. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown; and, (b) to adjudicate any dispute respecting the improper use or disclosure of confidential material.

Dated: July 7, 2011                              PORTER SCOTT
                                                 A PROFESSIONAL CORPORATION


.                                                By   /s/Derek J. Haynes.
                                                     Terrance J. Cassidy
                                                     Michael W. Pott
                                                     Derek J. Haynes
                                                     Attorneys for Defendants County of
                                                     Sacramento and Don Meyers

///

///

///

///

Dated:  May 24, 2011                             SIEGEL & YEE


                                                 By:  /s/Jose Luis Fuentes (authorized on 05/24/11)
                                                      Jose Luis Fuentes
                                                      Attorneys for Plaintiffs

{00901328.DOC}                            10
**STIPULATION AND PROTECTIVE ORDER REGARDING DOCUMENTS, THINGS AND
INFORMATION TO BE PRODUCED FOR INSPECTION, COPYING AND USE IN THIS LITIGATION**

B.P., a minor, by his Guardian Ad Litem, Quincella Page, et al.

Dated: June 9, 2011          MORENO & RIVERA, LLP

By:  /s/Jesse Rivera (authorized on 06/09/11)
       Jesse Rivera
       Attorneys for Defendants
       MABINS, NUNEZ, VO, YOUNG,
       OCAMPO, LESCALLET, DORSEY and
       EARP

## **PROTECTIVE ORDER**

The court having considered the proposed stipulation regarding the records, writings and documents of or relating to the parties to this action, and there being good cause, the records and documents described in this protective will be maintained in accordance with the provisions of this stipulation.

IT IS SO ORDERED.

DATED: July 7, 2011

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1:civil
Page2825.protorder.doc